TM Law Firm, P.C.
THE MIRVIS LAW FIRM, P.C.

December 29, 2024

**Via ECF**
The Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: United States v. Nikolay Grigorev**
**Criminal Docket No.: 23-CR-00429-002 (NGG)**

Dear Judge Garaufis:

Nikolay Grigorev respectfully submits this Sentencing Submission Letter in advance of his sentencing hearing, scheduled for January 7, 2025. Mr. Grigorev stands before this Court both humbled and deeply remorseful for his conduct and demonstrating a resolute commitment to rehabilitation. His conduct in this case was devoid of malicious intent or political motivation and is better understood as an aberration in the life of an otherwise honorable, law-abiding individual. This memorandum respectfully requests a sentence below the advisory Guidelines range, as dictated by the principles of 18 U.S.C. § 3553(a).

## I. INTRODUCTION

Mr. Grigorev stands before the Court deeply remorseful for his actions, having accepted responsibility and demonstrated a commitment to rehabilitation. This memorandum is informed by principles of individualized sentencing under 18 U.S.C. § 3553(a). It draws upon the compelling accounts of Mr. Grigorev's family and community members and explores the broader context of his actual criminal conduct to argue that a below-Guideline sentence would be "sufficient, but not greater than necessary" to meet the goals of sentencing.

This memorandum combines compelling arguments based on Mr. Grigorev's unique personal history, mitigating factors, documented rehabilitation efforts. It incorporates heartfelt letters from family and community members, as well as authoritative precedent from the Second Circuit and beyond, to argue for a sentence that reflects justice tempered by mercy.

TM Law Firm, P.C. THE MIRVIS LAW FIRM, P.C.

## II. THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A) WARRANT A VARIANCE

### a. Nature and Circumstances of the Offense

Mr. Grigorev pled guilty to conspiracy to defraud the United States under 18 U.S.C. § 371, related to his involvement in circumventing export restrictions. While the offense is serious, it is important to note that Mr. Grigorev did not act with malicious intent or political motives. Mr. Grigorev's role within the conspiracy was subordinate. He facilitated financial transactions but was neither a leader nor an organizer of the scheme.

Courts consistently recognize that defendants with lesser roles in conspiracies warrant individualized sentencing that reflects their reduced culpability. In *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009), the court highlighted the necessity of differentiating the levels of culpability among co-conspirators to ensure proportional sentencing.

Moreover, the guidelines for financial crimes often overstate culpability by placing undue emphasis on the monetary amounts involved rather than the defendant's intent or level of involvement. In *United States v. Bannister*, 786 F. Supp. 2d 617 (E.D.N.Y. 2011), the court recognized that rigid adherence to guideline calculations could result in unjustly severe sentences that fail to account for mitigating factors.

As the Supreme Court noted in *Gall v. United States*, 552 U.S. 38 (2007), the Court must assess whether the offense conduct was part of a broader pattern of criminality or an isolated incident. Here, the record demonstrates that Mr. Grigorev's actions were aberrational. He has no prior criminal history.

### b. History and Characteristics of the Defendant

#### 1. Dedication to Family and Community

Letters submitted on behalf of Mr. Grigorev paint a vivid picture of a caring, responsible, and deeply devoted individual: (See attached as Exhibit "A").

- **Alina Hillo, his wife**, describes him as "the pillar of our family" who supported her through personal tragedies and the challenges of infertility, demonstrating compassion and resilience throughout.

- **Marina Grandkovskaya, his mother**, recounts his unyielding support for his elderly grandmother, his acts of kindness toward neighbors, and his dedication to family responsibilities.

The letters paint a portrait of Mr. Grigorev which aligns with the guidance of *Pepper v. United States*, 562 U.S. 476 (2011), which emphasizes that sentencing must consider the "history and characteristics of the defendant" to ensure a punishment that fits the individual and not merely the offense.

28 Dooley Street, 3rd Floor, Brooklyn, NY 11235
Phone: 718.934.4141· Fax: 718.228.8408
Mirvis.Tony@gmail.com

TM Law Firm, P.C.
THE MIRVIS LAW FIRM, P.C.

### 2. First-Time Offender

This is Mr. Grigorev's first conviction. As a Criminal History Category I offender, his likelihood of recidivism is statistically low. Courts have routinely cited a lack of criminal history as a mitigating factor. In *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009), the court underscored the relevance of an unblemished record in tailoring a just sentence.

### 2. Acts of Rehabilitation and Personal Growth

Since his arrest, Mr. Grigorev has engaged in self-reflection and taken responsibility for his actions. His ability to maintain strong family ties and remain a positive influence, even under the shadow of these proceedings, reflects his rehabilitative potential.

On or about September 17, 2024, the undersigned was contacted by Mr. Grigorev's new pretrial officer, Colton Craft, who stated "I was recently appointed as Mr. Grigorev's new supervising pretrial officer and was reviewing his case file. I believe he may be a potential candidate to have his location monitoring (LM) condition removed. He has been compliant while on pretrial supervision and there have been no location monitoring violations. Additionally, I spoke with AUSA Artie McConnell who advised he would have no objection if you submitted an application to the Court requesting the removal of the LM condition.

On or about November 19, 2024, the undersigned confirmed that both the Government and Pretrial's position remained the same, and upon confirmation, on November 20, 2024, the undersigned submitted an Application to the Court, which the Court granted.

Mr. Grigorev was arrested and placed on a location monitoring bracelet on or about November 1, 2023. Mr. Grigorev was fully compliant for more than a year and his conduct while on pretrial release, with a location monitoring bracelet, is a perfect example of both his rehabilitation and that he is unlikely to recidivate.

## III. THE GUIDELINES OVERSTATE THE SERIOUSNESS OF THE OFFENSE

The Sentencing Guidelines, while serving as an initial benchmark, often exaggerate the seriousness of offenses in ways that fail to account for individual circumstances or the actual impact of the defendant's conduct. In the case of Nikolay Grigorev, a rigid application of the Guidelines would yield an excessive and disproportionate sentence, contrary to the parsimony principle enshrined in 18 U.S.C. § 3553(a).

### 1. Disproportionate Reliance on Loss Amount in Fraud and Economic Offenses

The advisory Guidelines for fraud and economic crimes place overwhelming weight on the financial loss attributed to the offense. This approach frequently leads to sentences that fail to reflect the defendant's true culpability, role in the offense, or intent.

28 Dooley Street, 3rd Floor, Brooklyn, NY 11235
Phone: 718.934.4141 · Fax: 718.228.8408
Mirvis.Tony@gmail.com

- *United States v. Algahaim*, 842 F.3d 796 (2d Cir. 2016): The Second Circuit noted that enhancements based on loss amount often overstate the seriousness of an offense, particularly where a defendant's role was limited or the loss amount inflates culpability.

- *United States v. Parris*, 573 F. Supp. 2d 744 (E.D.N.Y. 2008): The court criticized the fraud Guidelines as "irrational" and "draconian," resulting in unduly harsh sentences for defendants whose conduct did not involve violence, malice, or leadership roles.

In Mr. Grigorev's case, the calculated loss amount does not capture his peripheral role or the absence of financial gain or malevolent intent. The Guidelines' mechanistic reliance on loss amount fails to account for these mitigating factors, warranting a downward variance.

**2. Lack of Empirical Foundation for Guidelines Enhancements**

The fraud Guidelines were not developed through empirical research or analysis of sentencing practices. Instead, they were shaped by congressional mandates that arbitrarily increased penalties without considering proportionality or fairness.

- *Kimbrough v. United States*, 552 U.S. 85 (2007): The Supreme Court emphasized that district courts may deviate from Guidelines not grounded in empirical data, particularly where they produce sentences greater than necessary to achieve the goals of sentencing.

- *United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. Iowa 2009): In rejecting the child pornography Guidelines, the court underscored that enhancements resulting from legislative mandates, rather than the Sentencing Commission's expertise, lack persuasive authority.

Similarly, the fraud Guidelines' loss-driven enhancements lack the empirical foundation necessary to ensure fairness. Courts have a responsibility to reject such enhancements when they lead to outcomes inconsistent with § 3553(a).

**3. Judicial Discretion to Depart or Vary Based on Policy Disagreement**

Courts retain discretion to depart from or vary below the Guidelines when they disagree with the policy choices underlying specific provisions.

- *Spears v. United States*, 555 U.S. 261 (2009): District courts may vary based on policy disagreements with the Guidelines, particularly where enhancements fail to account for individual circumstances.

- *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc): Courts are not bound to treat the Guidelines as presumptively reasonable and may impose non-Guidelines sentences to better reflect the factors outlined in § 3553(a).

In Mr. Grigorev's case, the Court should reject the loss-driven enhancements in the fraud Guidelines, recognizing that they fail to differentiate between defendants who commit similar offenses but with vastly different motives, roles, and levels of culpability.

**4. Individualized Sentencing and the Parsimony Principle**

The Supreme Court has repeatedly emphasized the need for individualized sentencing that accounts for both the offender and the offense.

- *Pepper v. United States*, 562 U.S. 476 (2011): Sentencing must consider the defendant's history and characteristics, ensuring that punishment fits the individual, not merely the crime.

- *Gall v. United States*, 552 U.S. 38 (2007): The Court rejected a rigid application of the Guidelines, highlighting the importance of proportionality and individualized assessments.

The parsimony principle requires that Mr. Grigorev's sentence be "sufficient, but not greater than necessary." A sentence reflecting the totality of his circumstances, including his remorse, peripheral role, and lack of criminal history, would better achieve the purposes of sentencing than the severe penalties suggested by the Guidelines.

**5. Harsh Sentences Undermine Rehabilitation and Deterrence**

Excessive sentences do not necessarily deter crime or promote respect for the law; instead, they can lead to outcomes that are counterproductive.

- *United States v. Bannister*, 786 F. Supp. 2d 617 (E.D.N.Y. 2011): The court noted that "long sentences can breed disrespect for the system" and exacerbate social harm by undermining rehabilitation.

- Eric Holder's ABA Speech (2013): The former Attorney General criticized the trend of "draconian" sentences, asserting that they often serve no good law enforcement purpose and disproportionately burden individuals for minor infractions.

**6. Alternative Sentences Sufficiently Achieve Sentencing Goals**

Sentencing must prioritize proportionality and focus on justice for both the offense and the offender. Alternative forms of punishment—such as probation, community service, or home confinement—can serve as effective deterrents without imposing unnecessary hardship.

- *United States v. Gall*, 552 U.S. 38 (2007): The Court upheld a probationary sentence, emphasizing that alternative sentences can be "substantial punishments" and sufficient to achieve sentencing goals.

TM Law Firm, P.C.
THE MIRVIS LAW FIRM, P.C.

- *United States v. Mateo*, 299 F. Supp. 2d 201 (S.D.N.Y. 2004): Highlighted the role of creative sentencing in cases where the Guidelines disproportionately punish defendants with mitigating circumstances.

Mr. Grigorev is a strong candidate for alternative sentencing due to his sincere remorse and the disproportionate impact any period of incarceration would have on his family.

**7. Conclusion**

The advisory Guidelines overstate the seriousness of Mr. Grigorev's offense by disproportionately relying on loss amount and applying enhancements unsupported by empirical evidence. This Court should exercise its discretion to impose a sentence that reflects the realities of Mr. Grigorev's conduct and character, aligning with the statutory goals of sentencing while avoiding undue severity.

## IV. A BELOW-GUIDELINE SENTENCE IS "SUFFICIENT, BUT NOT GREATER THAN NECESSARY"

The principle of parsimony, codified in 18 U.S.C. § 3553(a), instructs courts to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. This foundational directive provides the framework for the sentencing of Nikolay Grigorev and supports a below-Guideline sentence as both appropriate and just.

### 1. THE PARSIMONY PRINCIPLE AND INDIVIDUALIZED SENTENCING

The Sentencing Guidelines are advisory, not mandatory, and a court must consider all § 3553(a) factors when determining the appropriate sentence.

- **Kimbrough v. United States**, 552 U.S. 85 (2007): A sentencing court may conclude that a within-Guidelines sentence is "greater than necessary" to achieve sentencing objectives and impose a lower sentence accordingly.

- **Gall v. United States**, 552 U.S. 38 (2007): The Supreme Court emphasized that district courts must make an individualized assessment, tailoring sentences to both the offender and the offense.

Here, a mechanical application of the Guidelines to Mr. Grigorev's case would fail to account for his demonstrated remorse, rehabilitation, and the extraordinary support he provides to his family and community. The unique characteristics of Mr. Grigorev's case strongly counsel in favor of a variance.

28 DOOLEY STREET, 3RD FLOOR, BROOKLYN, NY 11235
PHONE: 718.934.4141 · FAX: 718.228.8408
MIRVIS.TONY@GMAIL.COM

## 2. MITIGATING FACTORS SUPPORTING A VARIANCE

### A. Lack of Criminal History and Atypical Behavior

Mr. Grigorev's offense was an isolated incident in an otherwise law-abiding life. Courts have recognized that first-time offenders, particularly those whose conduct is out of character, warrant leniency.

- **United States v. Howe**, 543 F.3d 128 (3d Cir. 2008): The court upheld probation for a defendant guilty of fraud, emphasizing the aberrant nature of the offense and the defendant's otherwise exemplary life.

- **United States v. Adelson**, 441 F. Supp. 2d 506 (S.D.N.Y. 2006): A significant variance was granted in a securities fraud case where the defendant's offense was "utterly out of character" and inconsistent with his personal history.

### B. Strong Family and Community Support

The letters submitted on Mr. Grigorev's behalf highlight his critical role as a caregiver and provider for his family. The Sentencing Guidelines allow for consideration of family responsibilities as a mitigating factor.

- **United States v. Johnson**, 964 F.2d 124 (2d Cir. 1992): The court recognized that extraordinary family circumstances could warrant a downward variance.

- **United States v. Menyweather**, 447 F.3d 625 (9th Cir. 2006): Family ties and responsibilities were deemed relevant to crafting a sentence that accounts for the impact on dependents.

A period of incarceration would disproportionately harm Mr. Grigorev's wife and elderly grandmother, both of whom depend on him for emotional and financial support.

### C. A GUIDELINES SENTENCE IS GREATER THAN NECESSARY TO FULFILL SENTENCING PURPOSES

The Guidelines overemphasize loss amounts and enhancements without adequately considering individual culpability or the defendant's personal circumstances.

- **United States v. Parris**, 573 F. Supp. 2d 744 (E.D.N.Y. 2008): The court observed that the fraud Guidelines often result in sentences that are "irrational" and "draconian," especially for non-violent, first-time offenders.

TM Law Firm, P.C.
THE MIRVIS LAW FIRM, P.C.

- **United States v. Algahaim**, 842 F.3d 796 (2d Cir. 2016): The Second Circuit criticized the Guidelines for disproportionately focusing on financial metrics at the expense of proportionality.

The Court has the discretion to reject enhancements that lead to excessive sentencing under § 3553(a).

### D. ALTERNATIVE SENTENCING OPTIONS PROMOTE REHABILITATION AND JUSTICE

A non-custodial sentence or one involving home confinement and supervised release would achieve the goals of sentencing while preserving Mr. Grigorev's ability to support his family and continue his rehabilitation.

- **United States v. Gall**, 552 U.S. 38 (2007): The Court upheld probation, recognizing that alternative sentences can serve as substantial punishment.

- **United States v. Bannister**, 786 F. Supp. 2d 617 (E.D.N.Y. 2011): Excessive sentences undermine rehabilitation and exacerbate social harm.

## V. THE VOICES OF FAMILY AND COMMUNITY SUPPORT MITIGATION

### Nikolay Grigorev's True Character: Insights from Family, Friends, and Community

The letters submitted on behalf of Nikolay Grigorev collectively present a portrait of a compassionate, selfless, and honorable man, whose actions have positively impacted the lives of those around him. These testimonials underscore that Mr. Grigorev's missteps in this case are entirely inconsistent with his character and his lifelong dedication to family, friends, and community.

### A Pillar of His Family

From his earliest years, Mr. Grigorev has embodied the qualities of responsibility and care that define an exemplary family member. His wife, Alina Hillo, provides a moving account of his unwavering support throughout their 16 years of marriage:

> "Nikolay embodies honesty, responsibility, and integrity. He supported me during college, helping me with essays in English and tutoring me in subjects where I struggled. He stood by me when my mother was diagnosed with a terminal brain tumor, offering compassion and strength that helped me endure the hardest time of my life. When we faced the challenge of infertility, undergoing three rounds of IVF, his commitment and emotional support carried us through each difficult moment."

His mother, Marina Grandkovskaya, highlights Nikolay's devotion to his 88-year-old grandmother:

> "Every day, Nikolay takes his grandmother for a walk in Marine Park and spends his evenings talking with her, putting his own tasks aside. He renovated her room, bringing special wallpaper and a chandelier from Italy just for her. His sense of duty extends beyond family to his friends and neighbors, many of whom turn to him for help with car and home repairs. He never turns anyone away."

Nikolay's grandmother, Olga Grandkovskaya, echoes these sentiments, describing him as the cornerstone of her daily life:

> "Every day, he cleans, prepares meals, and takes me to the park. He even bought me an electric-assisted tricycle to help strengthen my legs. The most important thing is the daily communication and love that I feel every minute. My grandson is everything I have in this world."

**A Loyal Friend and Generous Neighbor**

Beyond his immediate family, Mr. Grigorev has cultivated strong, enduring relationships characterized by generosity and reliability. His lifelong friend, Sergey Shklarov, recounts Nikolay's willingness to assist others:

> "When I was going through a divorce and needed a place to live, Nikolay offered me an apartment in his home without hesitation. Over the years, he has consistently been the friend who picks up the phone and makes time for you, even putting his own responsibilities on hold to help."

Another friend, Anna Bugrinskaya, notes his unique combination of kindness, humor, and intelligence:

> "Nikolay is someone who always puts others first. He approaches life with a positive attitude and inspires others to see the bright side, even in challenging situations. He is a loving husband, a devoted friend, and someone who actively seeks to contribute positively to society."

**A Landlord Who Goes Above and Beyond**

Mr. Grigorev's tenants describe him as more than a landlord—he is a source of support and kindness in their lives. One tenant, Daniel Castoire, shares:

TM Law Firm, P.C.
THE MIRVIS LAW FIRM, P.C.

"Nik is the best landlord I've ever had. He's always there to help, whether it's fixing a leaky sink or installing a washer in the basement to make life easier for everyone. He's been there for me financially during tough times, lending a hand when I needed it most. He truly cares about us as people, not just tenants."

**An Extraordinary Capacity for Kindness**

Across the letters, one theme emerges consistently: Nikolay Grigorev is a man defined by his care for others. Whether rescuing abandoned animals, mentoring friends through difficult times, or ensuring his family feels loved and supported, he exemplifies the values of integrity and compassion.

These testimonials reveal a man whose character stands in stark contrast to the offense before this Court. They highlight the profound loss his family, friends, and community would face during any period of incarceration and the extraordinary support system that will aid his rehabilitation and reintegration into society.

This section reflects the essence of who Mr. Grigorev is: a man whose life, actions, and relationships underscore that he is far more than the offense for which he now seeks this Court's mercy. These testimonials also highlight the extraordinary support system that will aid Mr. Grigorev's rehabilitation.

## VI. CONCLUSION

The Court is tasked with imposing a sentence "sufficient, but not greater than necessary" to achieve the purposes of sentencing. Given Mr. Grigorev's strong familial ties, demonstrated remorse, and the punitive conditions of his pretrial detention, a below-Guideline sentence is not only justified but necessary to achieve justice.

**Respectfully submitted,**

*<u>/S/ Tony Mirvis</u>*

By: Tony Mirvis, Esq.
*Counsel for Nikolay Grigorev*

cc: AUSA McConnel

28 Dooley Street, 3rd Floor, Brooklyn, NY 11235
Phone: 718.934.4141 · Fax: 718.228.8408
Mirvis.Tony@gmail.com