1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA,          : 23cr429(NGG)
                                   :
            Plaintiff,             :
                                   :
       -against-                   : United States Courthouse
                                   : Brooklyn, New York
ARKHIPOV ET AL., DEFT. 2:          :
NIKOLAY GRIGOREV,                  :
                                   : Tuesday, April 30, 2024
            Defendants.            : 12:00 p.m.
                                   :
                                   :
                                   :

- - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR A PLEADING
BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For the Government:    UNITED STATES ATTORNEY'S OFFICE
                       Eastern District of New York
                       271 Cadman Plaza East
                       Brooklyn, New York 11201
                       BY:ARTIE McCONNELL, ESQ.
                          KATE MATHEWS, ESQ.
                          Assistant United States Attorneys

For the Defendant:     MIRVIS & ASSOCIATES P.C.
                       28 Dooley Street, 3rd Floor
                       Brooklyn, NY 11235
                       BY:TONY MIRVIS, ESQ.


Court Reporter:    **SOPHIE NOLAN**
                   225 Cadman Plaza East/Brooklyn, NY 11201
                   NolanEDNY@aol.com
*Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription*

SN          OCR          RPR

Proceedings                                    2

1                    (In open court.)

2               (The Hon. Nicholas G. Garaufis, presiding.)

3                    (Defendant present.)

4          THE COURTROOM DEPUTY:  Criminal cause for a plea.

5          Beginning with the Government, please state your

6     appearances.

7          MR. McCONNELL:  Good afternoon, Your Honor.  Artie

8     McConnell and Kate Mathews for the United States.

9          THE COURT:  Good afternoon.

10         MR. MIRVIS:  Good afternoon, Judge, Tony Mirvis on

11    behalf of Mr. Grigorev and Mr. Grigorev is right here next to

12    me.

13         THE COURT:  Good afternoon.  Please be seated.

14         MR. MIRVIS:  Thank you.

15         THE COURT:  Mr. Mirvis, I understand that your

16    client wishes to withdraw a previously entered plea of not

17    guilty to Count One of the indictment in 23-CR-429 and to

18    enter a plea of guilty today pursuant to an agreement; is that

19    right?

20         MR. MIRVIS:  That is correct, Your Honor.  Judge, do

21    you prefer that we stand or sit?

22         THE COURT:  Sit, yes.

23         MR. MIRVIS:  I just wanted to ask.

24         THE COURT:  I call it the post-COVID change in my

25    operation.

Proceedings                                             3

1          MR. MIRVIS:  Thank you.

2          THE COURT:  Okay, Mr. Grigorev, good morning, sir.

3          THE DEFENDANT:  How are you?

4          THE COURT:  Your attorney advises me that you wish

5    to plead guilty to Count One of the indictment of which you

6    are charged.  This is a serious decision and I must be certain

7    that you make it with a full understanding of your rights and

8    consequences of your plea.  I'm going to ask you certain

9    questions and explain certain rights to you.  I want your

10   answers to be under oath.  The deputy clerk will swear you in

11   if you could please stand for the oath.

12         THE COURTROOM DEPUTY:  Just raise your right hand.

13   Do you solemnly swear that the testimony you are about to give

14   this Court, will be the truth, the whole truth and nothing but

15   the truth, so help you God?

16         THE DEFENDANT:  Yes.

17         (Defendant sworn.)

18         THE COURTROOM DEPUTY:  Thank you.

19         THE COURT:  Okay.  Now, Mr. Grigorev, am I

20   pronouncing your name right?

21         THE DEFENDANT:  Yes, you are.

22         THE COURT:  You understand that having been sworn to

23   tell the truth you must do so.  If you were to deliberately

24   lie in response to any question that I ask you, you could face

25   further criminal charges for perjury.  Do you understand that?

```
                        Proceedings                        4
```

1              THE DEFENDANT:  I do.

2              THE COURT:  If I say anything that you do not

3    understand or if you need me to repeat anything, just ask.  It

4    is important that you understand everything that goes on in

5    these proceedings.  Is that clear?

6              THE DEFENDANT:  Yes, it is.

7              THE COURT:  I have a few questions for you.  How old

8    are you?

9              THE DEFENDANT:  37.

10             THE COURT:  And how far did you go in school?

11             THE DEFENDANT:  I have a graduate degree?

12             THE COURT:  A graduate degree?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Where did you get your degree?

15             THE DEFENDANT:  From Baruch College.

16             THE COURT:  Of what country are you a citizen?

17             THE DEFENDANT:  United States and Russia.

18             THE COURT:  Both?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Is English your primary language?

21             THE DEFENDANT:  No, it's not.

22             THE COURT:  What would you say is?

23             THE DEFENDANT:  I would say Russian.

24             THE COURT:  Mr. Mirvis, have you had any difficulty

25   communicating with your client in English, unless of course

Proceedings                                    5

1    you speak Russian?

2           MR. MIRVIS:  I do speak Russian, but I have had

3    absolutely no difficulty speaking to him in English.

4           THE COURT:  Has he understood everything you have

5    said to him in English and responded appropriately?

6           MR. MIRVIS:  Yes, Judge absolutely.

7           THE COURT:  Mr. Grigorev, do you have any objection

8    to continuing to pleading using English?

9           THE DEFENDANT:  No, I do not.

10          THE COURT:  You understand everything that I'm

11   saying to you?

12          THE DEFENDANT:  I do.

13          THE COURT:  Okay.  Thank you.  Now, I must be

14   certain that whatever decision you make today you make with a

15   clear head, so I'm going to ask you some questions about your

16   health.

17          Are you currently or have you have recently been

18   under the care of a doctor or psychiatrist for any reason?

19          THE DEFENDANT:  No, I wasn't.

20          THE COURT:  In the past twenty-four hours have you

21   taken any pills or drugs or medicine of any kind?

22          THE DEFENDANT:  No.

23          THE COURT:  In the past twenty-four hours have you

24   drunk any alcoholic beverages?

25          THE DEFENDANT:  No.

Proceedings                                              6

1          THE COURT:  Have you ever been hospitalized or

2    treated for any drug-related problem?

3          THE DEFENDANT:  No.

4          THE COURT:  Okay.  Is your mind clear as you sit

5    here today?

6          THE DEFENDANT:  Yes, it is.

7          THE COURT:  Okay.  And you understand everything

8    that I'm saying to you?

9          THE DEFENDANT:  I do, yes.

10          THE COURT:  Good.

11          Mr. Mirvis, have you discussed the question of a

12    guilty plea with your client?

13          MR. MIRVIS:  Absolutely, Judge.

14          THE COURT:  In your view, does he understand the

15    rights he would be waiving by pleading guilty?

16          MR. MIRVIS:  Yes, Judge.

17          THE COURT:  Do you have any question as to your

18    client's competence to proceed today?

19          MR. MIRVIS:  Absolutely none.

20          THE COURT:  Okay.  Mr. Grigorev, you have the right

21    to be represented by counsel at trial and at every other stage

22    of the proceedings in this case.  Do you understand that?

23          THE DEFENDANT:  I do, yes.

24          THE COURT:  If at any time in the future it becomes

25    necessary to do so, the Court will appoint counsel for you.

Proceedings                                    7

1    Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Mr. Mirvis, you are retained; is that

4    correct?

5              MR. MIRVIS:  I am, Judge, yes.

6              THE COURT:  Mr. Grigorev, are you satisfied with the

7    assistance your attorney has given you thus far in this

8    matter?

9              THE DEFENDANT:  Yes, I am.

10             THE COURT:  And do you feel you need any more time

11   to discuss with him the question of a guilty plea?

12             THE DEFENDANT:  No, I don't.

13             THE COURT:  Now, you are pleading guilty to Count

14   One of the indictment against you in 23-CR-429 and I'm going

15   to read the indictment, Count One, to you.

16             Let me ask the Government -- is the defendant

17   expected to plead or allocute to all the overt acts?

18             MR. McCONNELL:  No, no.  There is, I believe, in the

19   allocution we discussed prior there is one or two overt acts.

20   I can do the allocution if Your Honor prefers.

21             THE COURT:  Why don't you go ahead and do that.

22             I'm going to read the first two paragraphs of the

23   indictment and I'll ask the Government to read the overt acts

24   that the Government expects the defendant to plead to.

25             MR. McCONNELL:  Your Honor, could I just confer with

Proceedings                                          8

1    counsel to make sure we are on the same page?

2              THE COURT:  Sure.  Absolutely.

3              (Pause in proceedings.)

4              THE COURT:  Mr. Grigorev, I'm going to read the

5    Count One and then I'll ask the Government to identify the

6    specific predicate acts that you will be pleading to when you

7    give your allocution, all right, so that we have an

8    understanding of exactly what you're pleading guilty to here.

9    Count one states, "Count One:  Conspiracy to defraud the

10   United States.  In or about and between July 2019 and June

11   2023, both dates being approximate and inclusive, within the

12   Eastern District of New York and elsewhere, the defendants

13   Nikita Arkhipov, Nikolay Grigorev and Artem Oloviannikov,

14   together with others, did knowingly and willfully conspire to

15   defraud the United States by impairing, impeding, obstructing

16   and defeating through deceitful and dishonest means the lawful

17   functions of the U.S. Department of Commerce's Bureau of

18   Industry and Security, an agency of the United States in the

19   enforcement of export laws and regulations and the issuance of

20   licenses relating to export of goods and the provision of

21   financial services.

22             "In furtherance of the conspiracy, and to effect its

23   objects, within the Eastern District of New York and

24   elsewhere, the defendants, Nikita Arkhipov, Nikolay Grigorev

25   and Artem Oloviannikov, together with others, did commit and

Proceedings                                                    9

1  cause the commission of, among others, the following overt

2  acts."

3          Why doesn't the Government identify the overt acts

4  that the defendant is expected to plead to.

5          MR. McCONNELL:  Overt Acts F, I, K and Q, Your

6  Honor.

7          THE COURT:  All right.  I'll start with Overt Act F.

8  "On or about February 24, 2022, the day that Russia invaded

9  Ukraine, Grigorev and Oloviannikov engaged in an electronic

10 message exchange regarding sanctions and export restrictions

11 imposed on Russia.  Among the messages, Oloviannikov sent a

12 news article to Grigorev regarding 'export restrictions for

13 Russia' on items such as 'semiconductors, computers,

14 telecommunications equipment, lasers and sensors.'

15         "Grigorev responded, 'and when it does it come into

16 effect?  Ah, I see, today.'"  That's Overt Act F.

17         Overt Act I, "On or about March 18, 2022, Arkhipov,

18 Grigorev and Oloviannikov engaged in an electronic message

19 exchange in which Grigorev suggested arranging "a test order,

20 a very small order,' to illicitly ship U.S.-origin electronics

21 to Russia through Kazakhstan."

22         I will go on to Overt Act K. "On or about March 25,

23 2022, Arkhipov, Grigorev and Oloviannikov engaged in an

24 electronic message exchange in which Arkhipov referred to the

25 March 21, 2022 order with the Brooklyn company as a 'test to

Proceedings                                        10

1    check the legal entity itself.  Fictitious order.'"

2              And Overt Act Q, "On or about June 15, 2023,

3    Grigorev stored a quantity of electronic components purchased

4    from the Brooklyn company."

5              So, you understand the charge contained in Count One

6    of the indictment including the overt acts that are charged as

7    Acts F, I, K and Q?

8              THE DEFENDANT:  I do understand.

9              THE COURT:  All right.  I would like the Government

10   to state the elements of the crime that the Government would

11   have to prove in order to convict the defendant if he decided

12   to go to trial on Count One of the indictment.

13             MR. McCONNELL:  Yes, Your Honor.  For Count One,

14   conspiracy to defraud the United States under 18 U.S. Code

15   371, the Government would be required to prove the following

16   four elements:  First, that the defendant and at least one

17   other person entered into an unlawful agreement.  Second, that

18   that unlawful agreement was to defraud the United States by

19   impairing, impeding, obstructing or defeating the lawful

20   function of the U.S. Department of Commerce's business, Bureau

21   of Industry and Security with respect to the enforcement of

22   sanctions and export controls, particularly relating to the

23   issuances of export licenses.

24             The third element would be to prove that the

25   defendant did so knowingly and willingly.  And, fourth, at

Proceedings                                        11

1   least one overt act would have to be proven as well.

2           With respect to venue, many of the communications

3   that the Government would prove took place while the defendant

4   was present here in Eastern District of New York.  The

5   Brooklyn company that's referenced in the indictment, which is

6   the source of the electronic goods, are also here in the

7   Eastern District of New York.  They're also financial

8   transactions and as Your Honor just read, one of the overt

9   acts referred to the defendant being in possession of

10  electronic items that were to be shipped here in Brooklyn.

11          THE COURT:  All right.  So, Mr. Grigorev, do you

12  understand the elements of the crime charged in Count One that

13  the Government would be required to prove to a jury

14  unanimously and beyond a reasonable doubt if you decided to go

15  to trial on Count One?

16          THE DEFENDANT:  I do understand.

17          THE COURT:  Okay.  I'm going to go over certain

18  rights that you have.  Please listen carefully to your rights.

19  You have the right to plead not guilty to this charge.  No one

20  can be forced to plead guilty.  Do you understand that?

21          THE DEFENDANT:  I do.

22          THE COURT:  If you do plead not guilty to this

23  charge or persist in your plea of not guilty, you have a right

24  under the Constitution and laws of the United States to a

25  speedy and public trial before a jury with the assistance of

Proceedings                                                      12

1   your attorney.  Do you understand that?

2           THE DEFENDANT:  Yes, I do.

3           THE COURT:  At any trial you will be presumed to be

4   innocent.  You would not have to prove that you were innocent.

5   This is because under our system of law, it is the Government

6   that must come forward with proof that establishes beyond a

7   reasonable doubt that you are guilty of the crime charged.

8           If the Government failed to meet this burden of

9   proof, the jury would have the duty to find you not guilty.

10  Do you understand that?

11          THE DEFENDANT:  Yes, do.

12          THE COURT:  In the course of a trial, witnesses for

13  the Government would have to come here to court and testify in

14  your presence.  Your attorney would have the right to

15  cross-examine these witnesses.  He could raise legal

16  objections to evidence the Government sought to offer against

17  you.  They could offer witness evidence on your behalf and

18  compel witnesses to come to court to testify if you or your

19  attorney thought that there was evidence that would help you

20  in this case.  Do you understand that?

21          THE DEFENDANT:  Yes, do.

22          THE COURT:  At a trial you would have the right to

23  testify in your own behalf if you wish to do so.  On the other

24  hand, you could not be forced to be a witness at your trial.

25  This is because under the Constitution and laws of the United

Proceedings                                                        13

1    States, no person can be forced to be a witness against

2    himself.  If you wished to go to trial but chose not to

3    testify, I would instruct the jury that they could not hold

4    that against you.  Do you understand that?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  If instead of going to trial you plead

7    guilty to the crime charged and if I accept your guilty plea,

8    you will be giving up your right to a trial and all the other

9    rights I have just discussed.  There will be no trial in this

10   case as far as you are concerned.  There will be no appeal on

11   the question of whether you did or did not commit this crime.

12             The only reason that you could appeal would be if

13   you thought that I did not properly follow the law in

14   sentencing you.  Otherwise, I will simply enter a judgment of

15   guilty that's based upon your plea of not guilty.  Do you

16   understand that?

17             THE DEFENDANT:  Yes, I do.

18             THE COURT:  If you do plead guilty, I will have to

19   ask you certain questions about what you did in order to

20   satisfy myself of that you are guilty of the charge.  You will

21   have to answer my questions and acknowledge your guilt.  If

22   you do this, you will be giving up your right not to

23   incriminate yourself.  Do you understand that?

24             THE DEFENDANT:  Yes, I do.

25             THE COURT:  All right.  Mr. Grigorev, are you

Proceedings                                                    14

1  willing to give up your right to a trial and all the other

2  rights that I just discussed with you?

3          THE DEFENDANT:  Yes, I am.

4          THE COURT:  I have in front of me an agreement in

5  *United States of America against Nikolay Grigorev*, 23-CR-429

6  and this agreement is marked as Court Exhibit No. 1 dated

7  today, April 30, 2024.  It consists of eight pages.  I'm going

8  to hand it to the defendant and his attorney and ask a few

9  questions.

10         Mr. Grigorev, that agreement -- have you read the

11 agreement?

12         THE DEFENDANT:  I have read it.

13         THE COURT:  You read English obviously?

14         THE DEFENDANT:  I do.

15         THE COURT:  And have you discussed it with your

16 attorney?

17         THE DEFENDANT:  Yes, I have discussed it.

18         THE COURT:  Has he answered any and all questions

19 that you have about it?

20         THE DEFENDANT:  Yes, he did.

21         THE COURT:  And do you understand your rights and

22 your obligations under the agreement?

23         THE DEFENDANT:  Yes, I do.

24         THE COURT:  Mr. Mirvis, are you satisfied that your

25 client understands his rights and obligations under this

```
                        Proceedings                    15
```

1  agreement?

2         MR. MIRVIS:  I am, Judge.

3         THE COURT:  Let's turn to page eight of the

4  agreement.

5         On page eight of the agreement, Mr. Grigorev, is

6  that your signature by your name?

7         THE DEFENDANT:  Yes it is.

8         THE COURT:  Did you sign it today?

9         THE DEFENDANT:  I did.

10         THE COURT:  And, Mr. Mirvis, you also executed the

11  agreement?

12         MR. MIRVIS:  I did, Your Honor, and I saw him sign

13  as well.

14         THE COURT:  And the Government has executed the

15  agreement as well?

16         MR. McCONNELL:  We have.

17         THE COURT:  Very well.  Please return the agreement

18  to me.

19         An important question here, Mr. Grigorev.

20  Mr. Grigorev, is there any other promise that has been made to

21  get you to plead guilty that is not found in this agreement?

22         THE DEFENDANT:  No, no other promise.

23         THE COURT:  I'm going to go over the statutory

24  penalties with you for pleading guilty to this violation of 18

25  United States Code Section 371.

Proceedings                                16

1          Under the statute, there is a maximum term of

2    imprisonment of five years in jail and there is no minimum

3    term of imprisonment.  There's no statutory minimum.  The

4    maximum supervised release is three years that would follow

5    any term of imprisonment.  If you violate a condition of

6    release, you could be sentenced for up to two years in jail

7    without credit for the time you previously served in jail or

8    the time you served on supervised release.

9          The maximum fine is $250,000.  Restitution is not

10   applicable.  There's a $100 special assessment which is

11   mandatory and you are also subject to criminal forfeiture as

12   set forth elsewhere in the plea agreement.

13         Do you understand the statutory penalties associated

14   with pleading guilty to Count One of the indictment?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  Any other questions from the Government

17   on that?

18             MR. McCONNELL:  No, Your Honor.

19             THE COURT:  Okay.  Now, Mr. Grigorev, I'm going to

20   discuss sentencing with you.  Has your attorney discussed the

21   sentencing process with you?

22             THE DEFENDANT:  Yes, he has.

23             THE COURT:  Has he answered any and all questions

24   that you had about sentencing?

25             THE DEFENDANT:  Yes, he did.

Proceedings                                17

1        THE COURT:  Do you feel you have a basic

2   understanding of how sentencing works in your case?

3        THE DEFENDANT:  Yes, I do have a basic

4   understanding.

5        THE COURT:  Are you satisfied, Mr. Mirvis, that your

6   client has an understanding of how the sentencing process

7   works in federal court?

8        MR. MIRVIS:  Yes, Your Honor, absolutely.

9        THE COURT:  I am going to discuss the subject with

10  you as well and if at any point you want me to stop and you

11  want to consult with your attorney, just let me know.  We have

12  plenty of time here and I want to be sure that you have a

13  strong understanding of how sentencing will work.

14       In sentencing you, sir, I'm required to take into

15  consideration a number of things about you and the crime to

16  which you are pleading guilty.  When I do that, I will be

17  directed to a guideline.  That will provide a sentencing

18  range.  I am not required to sentence you within the range

19  provided by the guideline, but I am required to carefully

20  consider the guideline recommendation, among other things, in

21  deciding what would constitute a reasonable sentence in your

22  case.

23       It is my experience that a sentence with a guideline

24  range is often reasonable and appropriate, but this is not

25  always the case.  In determining an appropriate sentence for

Proceedings                                          18

1    your case, I will consider possible departures from that range

2    under the sentencing guidelines as well as other statutory

3    sentencing factors.

4           I may ultimately decide to impose a sentence that is

5    more lenient or more severe than the one recommended by the

6    guidelines.  If I do so, I will explain the reasons for the

7    sentence that I have selected.

8           Do you understand that?

9           THE DEFENDANT:  I do.

10          THE COURT:  It is important to understand that no

11   one knows today what your exact guideline range will be.  Any

12   calculations contained in your plea agreement are estimates

13   and I am not bound by them.  Do you understand?

14          THE DEFENDANT:  I do.

15          THE COURT:  Before I impose sentence, I will receive

16   a report prepared by the Probation Department which will

17   calculate a particular guideline range.  You and your attorney

18   will have the opportunity to see that report.  If you think it

19   is mistaken or incomplete in any way, you will have the

20   opportunity to bring that to my attention.

21          You must understand that no one can make any promise

22   to you as to the sentence I will impose.  Your attorney or the

23   prosecutor may have made predictions to you and may make

24   recommendations to the Court concerning the sentence I should

25   impose and I will listen carefully to whatever they say.

Proceedings                                    19

1           But you must clearly understand that the final

2    responsibility for sentencing you is mine alone.  While I may

3    view this case identically to the attorneys, I may also view

4    the case differently.  If so, I may not impose the sentence

5    that they had predicted or recommended.  Even if I sentence

6    you differently from what the attorneys or anyone else has

7    estimated or predicted, you will still be bound by your guilty

8    plea and you will not be allowed to withdraw it.  Do you

9    understand that?

10           THE DEFENDANT:  I do.

11           THE COURT:  Now, in the plea agreement, the

12   Government made an estimate of the guideline range; is that

13   right?

14           MR. McCONNELL:  Yes, it is, Your Honor.

15           THE COURT:  And assuming you plead guilty today,

16   Mr. Grigorev, and assuming that you have no prior felony

17   convictions, the Government is estimating that you have a

18   total offense level of 19 and that that would result in a

19   sentence of 30 to 37 months under the sentencing guidelines,

20   if we use the sentencing guidelines.

21           Mr. McConnell, is that your estimate at present?

22           MR. McCONNELL:  It is.

23           THE COURT:  Do you understand the Government's

24   estimate?

25           THE DEFENDANT:  I do.

Proceedings                                20

1        THE COURT:  And do you also understand that I'm not

2   constrained to follow the Government's estimate, assuming that

3   you are in criminal offense level 19?

4        THE DEFENDANT:  I do.

5        THE COURT:  Okay.  Do you understand that you are

6   stipulating the guidelines calculations of adjusted offense

7   level of 19 based on the facts as the Government understands

8   them today and you're not seeking to have what's called a

9   Fatico hearing, a hearing on any objections or disagreements

10  you have about the facts?  Do you understand that?

11       THE DEFENDANT:  I understand, yes.

12       THE COURT:  Correct, Mr. McConnell?

13       MR. McCONNELL:  Yes.

14       THE COURT:  Okay.  Thank you.

15       Now, one other thing --

16       MR. MIRVIS:  Judge, one moment.  May I speak to

17  Mr. McConnell for one second?

18       THE COURT:  Of course.

19       MR. MIRVIS:  Thank you.

20       (Pause in proceedings.)

21       MR. MIRVIS:  Thank you, Judge.

22       THE COURT:  By the way, Mr. Grigorev, when did you

23  become a U.S. citizen?

24       THE DEFENDANT:  About 16 years ago.

25       THE COURT:  Regarding the plea agreement, one other

Proceedings                                    21

1    matter, in this plea agreement which is dated today, April 30,

2    2024, that you just told me that you have discussed with your

3    attorney and which you signed today, there is an agreement

4    regarding your right to appeal your sentence.  The agreement

5    letter says, and I want to make sure you understand this,

6    Mr. Grigorev, that by signing this agreement, you agree not to

7    appeal or in any other way challenge the sentence that I

8    impose upon you if it is 41 months or less.

9              If I were to sentence you to more than 41 months in

10   jail and you believed there was a legal or other error in my

11   doing that, you would then have the right to appeal your

12   sentence to the U.S. Circuit Court of Appeals for the Second

13   Circuit.  Do you understand that?

14             THE DEFENDANT:  I do understand.

15             THE COURT:  Okay.  Do you understand that you have

16   the right to appeal only if I sentence you to more than 41

17   months in jail?

18             THE DEFENDANT:  Yes, I do understand.

19             THE COURT:  Do you understand that even if the

20   sentence that I give you is more severe than you may be

21   thinking or hoping you will receive, you are still going to be

22   bound by your guilty plea and not permitted to withdraw it and

23   you will not be able to challenge or appeal that sentence as

24   long as it is 41 months or less as we have discussed?

25             THE DEFENDANT:  I do understand.

Proceedings                                    22

1        THE COURT:  Okay, good.

2        Do you have any questions you would like to ask me

3   about the charge, your rights or anything else that's related

4   to this matter that may not be clear to you?

5        THE DEFENDANT:  No, do not.

6        THE COURT:  Okay.  Mr. Mirvis, is there anything

7   else you would like me to discuss with your client in further

8   detail before I proceed to formal allocution?

9        MR. MIRVIS:  No, Judge.

10        THE COURT:  Do you know of any reason why your

11   client should not enter a plea of guilty to the charge in

12   Count One?

13        MR. MIRVIS:  There are no reasons, Judge.

14        THE COURT:  All right.  Mr. Grigorev, are you ready

15   to plead?

16        THE DEFENDANT:  Yes, I am.

17        THE COURT:  How do you plead to the charge contained

18   in Count One of the indictment charging you with conspiracy to

19   defraud the United States, guilty or not guilty?

20        THE DEFENDANT:  Guilty.

21        THE COURT:  Are you making this plea of guilty

22   voluntarily and of your own free will?

23        THE DEFENDANT:  Yes, I am.

24        THE COURT:  Has anyone threatened or forced you to

25   plead guilty?

Proceedings                                    23

1              THE DEFENDANT:  No.

2              THE COURT:  Has anyone made you any promise to force

3     you to plead guilty?

4              THE DEFENDANT:  No.

5              THE COURT:  Has anyone made you any promise about

6     the sentence you will receive?

7              THE DEFENDANT:  No.

8              THE COURT:  I would like you now to tell me in your

9     own words what you did to commit this crime, including the

10    specific factual predicate for the crime which is set forth in

11    paragraphs F, I, K and Q of the Charge One as overt acts.

12             And you're going to read a prepared statement?

13             THE DEFENDANT:  Yes.

14             THE COURT:  You discussed this with your attorney?

15             THE DEFENDANT:  Yes, I have.

16             THE COURT:  But it is your statement?

17             THE DEFENDANT:  It is.

18             THE COURT:  So just read the statement slowly so we

19    can all absorb it and it can be taken down by the court

20    reporter carefully.  Go ahead, sir.

21             THE DEFENDANT:  In or about 2022 in Brooklyn, New

22    York I agreed with others to export goods outside of the

23    United States in violation of U.S. laws.  Specifically, on

24    February 24, 2022, I received an electronic message from

25    Oloviannikov that contained a newspaper article regarding

Proceedings                                      24

1  export restrictions for Russia on electronic devices.

2          THE COURT:  I think we did F.  So now we're on to I.

3          What happened on March 18, 2022?

4          THE DEFENDANT:  So, on March 18, 2022, Arkhipov, me

5  and Oloviannikov we engaged in electronic messaging in which I

6  suggested arranging a test order or very small order to ship

7  United States-origin electronics to Russia through Kazakhstan.

8          THE COURT:  All right.  And K is -- what did you do

9  on March 25, 2022?

10         THE DEFENDANT:  On March 25, Arkhipov, me and

11 Oloviannikov, we engaged in electronic message exchange in

12 which Arkhipov referred to the March 21, 2022 order with the

13 Brooklyn company is a test to check the legal entity itself,

14 fictitious order.

15         THE COURT:  And Q?

16         THE DEFENDANT:  On June 15, 2023, I stored a

17 quantity of electronic components that was purchased from the

18 company, Brooklyn company.

19         THE COURT:  And you stored those components?

20         THE DEFENDANT:  I stored them.

21         THE COURT:  Where did you store them?

22         THE DEFENDANT:  In my bedroom.

23         THE COURT:  What county?

24         THE DEFENDANT:  Kings.

25         THE COURT:  In Brooklyn?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Anything more?

3          MR. McCONNELL:  No, Your Honor.  Thank you.

4          THE COURT:  Okay.  So, Mr. Grigorev, based on the

5    information that you have given me, I find that you are acting

6    voluntarily.  You fully understand the charge, your rights and

7    the consequences of your plea.  There is, moreover, a factual

8    basis for your plea.

9          So I, therefore, accept your plea of guilty to Count

10   One of the indictment in 23-CR-429 and I'm going to set a

11   sentencing date for you of August 14, 2024 at 11 a.m.  That's

12   Wednesday, August 14, 2024 at 11 a.m.

13         You're going to be contacted by a probation officer

14   for a pre-sentence interview.  Your attorney will want to be

15   present for that interview.  The probation officer will ask

16   you questions about your background, your health, your family

17   circumstances, your education and other things.

18         Please cooperate with the probation officer.  The

19   probation officer will then prepare a report to the Court.

20   You'll receive a copy of it, as will the Government.  You'll

21   have a chance to go over it with your lawyer.  If there's

22   anything in the report that's mistaken or if there's anything

23   that you want me to know about you that's not in the report,

24   Mr. Mirvis will provide any corrections or other information

25   to the probation officer and the report will be revised or at

1  least there will be an additional -- an addendum, if you will,

2  to the report.

3          I review the report and anything else that Probation

4  sends me along with any sentencing memorandum I receive from

5  your attorney and from the Government so that I will be able

6  to sentence you properly when you come in to be sentenced.

7          The other point I would like to make is that if

8  there is anything that you want to say when you are given the

9  opportunity at sentencing, which you will be given, to address

10  the Court and you think I should know something that's not in

11  the probation report or in your lawyer's letter or in the

12  government's letter or in anything else that has been

13  submitted in writing, before you tell me, tell your lawyer,

14  all right?  Just to make sure you've got an accurate statement

15  to make.  Got it?

16          THE DEFENDANT:  Yes.

17          THE COURT:  I am going to return the plea agreement

18  to the Government and request a photostatic copy for the

19  Court's records.

20          The defendant is on bail.  That shall continue, I

21  take it?

22          MR. McCONNELL:  Yes.

23          THE COURT:  Just follow all the instructions of the

24  pretrial officer that you're working with.  If any questions

25  come up that you're not sure, check with your lawyer, check

Proceedings                                27

1   with Pretrial so we don't have any issues, okay?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Anything else from the Government?

4            MR. McCONNELL:  No, Your Honor, thank you.

5            THE COURT:  Anything else from you Mr. Mirvis?

6            MR. MIRVIS:  No, Your Honor.  Thank you.

7            THE COURT:  All right.  See you in August.

8

9            (Matter adjourned.)

10                     - ooOoo - .

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SN       OCR       RPR