UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

NIKITA ARKHIPOV, NIKOLAY GRIGOREV, and ARTEM OLOVIANNIKOV

Defendants.

**MEMORANDUM IN RESPONSE TO MANDATE**
**23-CR-0429 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 30, 2024, Nikolay Grigorev pleaded guilty to one count of conspiracy to defraud the United States under 18 U.S.C. § 371. (*See* Min. Entry Dated 4/30/2024.) The court subsequently sentenced him to four years of probation, a $150,000 fine, and special assessment of $100. (*See* Min. Entry Dated 1/07/2025; Judgment (Dkt. 42).) After Grigorev appealed the fine, the Second Circuit issued a mandate on November 6, 2026 remanding the case back to this court so that it can provide an explanation of its reasons for the fine imposed. (*See* Second Cir. Mandate Remanding for Further Proc. ("the Mandate") (Dkt. 56).) Herein, the court addresses the Mandate and provides its reasoning in support of the fine imposed.

The court assumes basic familiarity with the facts of the case, which are explained extensively in the Presentence Investigation Report and the Indictment. (*See generally* Presentence Investigation Report ("PSR") (Dkt. 35); *see also* Indictment (Dkt. 1).) In summary, Grigorev pleaded guilty to conduct involving arranging illegal exports of electronic components to SMT-iLogic ("iLogic"), a Russian company sanctioned by the U.S. government due to its involvement in the production of military drones used in the war against Ukraine. (PSR ¶¶ 6, 9.) This amounted to a violation of 18 U.S.C. § 371, which carried a statutory maximum fine of $250,000. Given the characteristics of the Defendant and the crime, the applicable guidelines total offense level was

19 with a criminal history category of I. (PSR ¶ 91.) The parties did not dispute these calculations, which resulted in a guidelines range of 30 to 37 months imprisonment, and a fine ranging from $10,000 to $100,000. (Transcript of January 7, 2025 Sentencing ("Sent'g. Tr.") (Dkt. 53) at 5:3-16; PSR ¶¶ 91, 98.)) As stated above, after reviewing the record and hearing from the parties at sentencing, the court varied downwards from the guidelines and elected not to sentence Grigorev to a period of incarceration but also varied upwards by imposing a fine of $150,000. In accordance with the Mandate, the court now explains its rationale.

Courts have considerable discretion at sentencing, and in exercising this discretion are required to consider the factors enumerated in 18 U.S.C. § 3553(a) (the "3553(a) factors") in order to impose a punishment that achieves the goals of that statute. *See United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013).[1] When imposing a fine, courts are also required to consider the additional factors listed in 18 U.S.C. § 3572, including the defendant's "financial resources." *United States v. Porges*, 80 F. App'x 130, 133 (2d Cir. 2003). The court weighed all of these factors, including Grigorev's resources and ability to pay, in reaching its sentencing determination. (*See* PSR ¶¶ 83-89 (detailing Grigorev's finances and concluding he is capable of paying a fine); Sent'g Tr. at 3:2-7 (acknowledging that the court reviewed the Presentence Investigation Report), 6:21-7:16 (considering the 3553(a) factors and requesting the parties' positions on them).) The court now further elucidates its reasoning in accordance with the Mandate. At a high level, the court's decision to impose a $150,000 fine in this case was based on three overarching factors: (1) the seriousness of the offense and need for deterrence, (2) the need to offset the non-incarceratory sentence,

[1] When quoting cases, unless otherwise noted, all alterations are adopted and all citations, emphases, internal quotation marks, and ellipses are omitted.

and (3) Defendant's background, potential, and finances. The court explains each in turn.

First, the court's decision was based on the fact that the offense was extremely serious, implicated national security concerns, and possibly contributed to the ongoing drone warfare in the Russia-Ukraine conflict. (*See* PSR ¶¶ 6, 30 ("[N]ational security controls were evaded" related to "sanctions and export restrictions (including technology) on Russia for its invasion of Ukraine."); Sent'g Tr. at 21:9-12 (Grigorev acknowledging that his behavior "could undermine the security of our nation."), 8:15-17 (Government representing that iLogic drones could "and have been" used in military activity).) Although it appears that Grigorev was only motivated by profit and may not have appreciated that iLogic manufactured military drones, that does not negate the fact that he, at best, overlooked or, at worst, intentionally disregarded the potential consequences of his actions, including the loss of human life. Grigorev and the public should take these sanctions and trade restrictions very seriously, and the court aimed to use the large fine imposed to deter him and others from repeating this conduct. The need for general deterrence is particularly pronounced in calculated financial crimes like this one in order to reduce the expected returns of committing such profit-motivated crimes. *See, e.g.*, *United States v. Zukerman*, 897 F.3d 423, 429 (2d Cir. 2018) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it.").

That said, the court also considered Grigorev's heartfelt and remorseful statement before the court, as well as his educational background, lack of criminal history, and potential to move forward and contribute to society. It thus varied downwards and exercised its discretion not to impose an incarceratory sentence.

(Sent'g Tr. at 24:16-22.). However, still recognizing the grave nature of the offense and the need for adequate punishment and deterrence, the court sought to offset this downwards variance as to incarceration with a sizable, above-guidelines fine. *See United States v. Dinapoli*, 844 F. App'x 426, 430 (2d Cir. 2021) (upholding a finding "that an increased [above-guidelines] fine was necessary to offset the below-Guidelines term of incarceration that might otherwise be considered way too low" given the circumstances). Additionally, since Grigorev's motive seems to have been entirely profit-based, the court considered a fine, as opposed to imprisonment, to be the proportional and appropriate type of punishment in this case.

As discussed at sentencing, Grigorev is well-educated, holds a master's degree, and has the potential to move on from this crime and be a highly productive, contributing member of society. (Sent'g Tr. at 22:12-19, 24:16-22.) At the time of sentencing, Grigorev worked as an Uber driver, a home attendant for his grandmother, and was engaged in a side business involving the sale of used vehicles. (PSR ¶¶ 75-77; Sent'g Tr. 23:14-25.) Although not extraordinarily wealthy, he is financially well-situated, and the PSR report indicated he possessed assets worth a total of $1,698,678.45, including two residences, and had a total net worth of $777,895.45. (PSR ¶ 83.) Given his sizable assets and the earning potential both his business ventures and educational background lend, Grigorev is capable of paying a $150,000 fine. (*See id.* ¶ 89.) While the court acknowledges that paying this fine may be difficult for Grigorev financially, that is precisely the point of the punishment, particularly because the court did not impose a term of imprisonment. *See United States v. Friedman*, No. 86-CR-591 (MJL), 1987 WL 18656, at *1 (S.D.N.Y. Oct. 14, 1987) (declining to reduce a fine despite "the hardships created," explaining that "by imposing a sentence that contained no prison term, when the maximum penalty included five years' incarceration, the Court has shown ample leniency and fairness toward

the defendant"); *see also Zukerman*, 897 F.3d at 431 ("A fine can only be an effective deterrent if it is painful to pay, and whether a given dollar amount hurts to cough up depends upon the wealth of the person paying it."). Relatedly, the court imposed a 30-day period to pay the fine due to Grigorev's significant assets and the need for it to "hurt[] to cough up" the fine. *See Zukerman*, 897 F.3d at 431.

Given the nature and circumstances of the offense, the Defendant's characteristics, the need to provide just punishment for the crime, and the need to afford adequate deterrence, the court found and still concludes that a $150,000 fine was warranted in this case.

SO ORDERED.

Dated: Brooklyn, New York
November 13, 2026

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge